## ATTACHMENT A – FACTUAL STIPULATION

*The parties hereby stipulate and agree that if this matter had gone to trial the government would have proven the following facts through competent evidence beyond a reasonable doubt. The parties also stipulate and agree that the following facts do not encompass all of the evidence which would have been presented had this matter gone to trial, but that these facts are sufficient to establish the elements of the crimes charges beyond a reasonable doubt.*

Between no later than in or about July 2007 and on or about March 22, 2010, in the District of Maryland and elsewhere, the Defendant, **RODNEY STANSBURY**, conspired and agreed with PIERRE SMITH, CLIFTON DOMOND, KEVIN ALDER, GREGORY WIMSATT, and others to distribute and possess with the intent to distribute at least 90 kilograms of marijuana.

Over a 10-year period, SMITH supplied ALDER with marijuana in individual shipments raging from 60 to 120 pounds. SMITH engaged other individuals to deliver the marijuana for ALDER. Leading up to deliveries, SMITH sent text messages to ALDER saying that the load would be arriving shortly. On numerous occasions, SMITH's cousin, DOMOND, traveled to Maryland to facilitate the delivery of marijuana to predetermined locations in Maryland. During his trips to Maryland, DOMOND met with ALDER and received money for payment to SMITH as well as payment for DOMOND's assistance with the transaction.

On April 7, 2008, WIMSATT traveled to ALDER's residence, entered ALDER's house and then leave with a duffel bag. During a traffic stop of a vehicle involving WIMSATT, a drug dog alerted on the car and a subsequent search revealed 12 pounds of marijuana in the same duffel bag in WIMSATT's trunk.

On August 13, 2009, ALDER met with **STANSBURY** to discuss further marijuana dealings. **STANSBURY** provided ALDER with a sample of marijuana from his current source of supply. During the meeting, **STANSBURY** discussed his distribution of marijuana with ALDER. In particular, **STANSBURY** discussed his scheme to transport marijuana using the postal system, and also discussed the significant quantities of marijuana that **STANSBURY** was able to distribute.

On October 1, 2009, ALDER met with WIMSATT to discuss further marijuana dealings. WIMSATT provided ALDER with a sample of marijuana from his current source of supply. During the meeting, WIMSATT discussed his distribution of marijuana with ALDER and current prices for marijuana.

On December 4, 2009, DOMOND called ALDER and stated that a shipment of marijuana was in the area and was ready to be dropped off. DOMOND then called ALDER and stated that he, DOMOND, could not get a hold of the delivery driver. ALDER then arranged a meeting with DOMOND on December 5, 2009 to check out a warehouse location for drug transactions.

____ FILED ____ ENTERED
____ LOGGED ____ RECEIVED

JUN 21 2011

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

ALDER and DOMOND met the following day at the Home Depot in College Park, Maryland and again traveled to the warehouse. DOMOND told ALDER that the warehouse was a good location for the delivery and that DOMOND was still unable to get a hold of the delivery driver. After approximately two hours, ALDER and DOMOND decided the transaction was not going to take place. ALDER dropped DOMOND off at the Home Depot. DOMOND then traveled to the Comfort Inn in Calverton, Maryland. Later that evening, DOMOND went to BWI Airport and left the area.

On January 27, 2010, ALDER and DOMOND met at the McDonald's located just off the exit for Powder Mill Road on Interstate 95, in Beltsville, Maryland. DOMOND was followed to that location by an older white male driving a Blue Dodge Caravan bearing New Hampshire Tags. DOMOND's vehicle and the Blue Caravan left the McDonald's restaurant and traveled to the warehouse previously identified by ALDER. The blue van later exited the warehouse and departed from the area.

ALDER later arrived and entered the warehouse. Shortly thereafter, DOMOND exited the warehouse and departed from the area. Shortly after DOMOND left the warehouse, Investigators entered the warehouse and seized two large duffle bags containing approximately 121.5 pounds of marijuana.

I have read this statement of facts and carefully reviewed it with my attorney. I acknowledge that it is true and correct and I do not wish to change any part of it.

Rodney Stansbury